CALOGERO, Justice.
Defendant was indicted for aggravated rape, R.S. 14:42, and pled not guilty, but on the morning of trial changed his plea to guilty of the reduced charge of attempted aggravated rape. He was sentenced to fifty years at hard labor. Defendant appeals *1037 that conviction and sentence on the basis of two assignments of error.
ASSIGNMENT OF ERROR NO. 1
Defendant complains that the trial judge erred in deciding that his motion to suppress was untimely filed and in refusing to hold a hearing on the merits of his motion. This complaint has no merit.
On the morning of trial, defendant withdrew his not guilty plea and entered a plea of guilty to a reduced charge. Normally, a plea of guilty waives a defendant’s right to appeal. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). However, an appeal of pre-plea court rulings is allowed when a defendant has pled guilty with a specific reservation of his right to appeal. State v. Williams, 340 So.2d 1382 (La.1977); State v. Crosby, 338 So.2d 584 (La.1976). Because defendant Johnson made no such reservation of his right to appeal, we would normally refuse to consider his appeal of pre-plea rulings. However, the record shows that the trial judge during his Boykinization of defendant Johnson indicated that he had “the right to appeal this guilty plea and sentence.” While we doubt that this statement, in the midst of a lengthy Boykinization, actually misled the defendant into believing that he could appeal from a guilty plea, we feel it best to consider the merits of his single assignment of error to a pre-plea ruling.
Article 703(A) of the Code of Criminal Procedure pertinently allows an accused to file of right a motion to suppress “no later than three judicial days before the trial on the merits begins, . . . unless . the defendant was not aware of the grounds for the motion.” The motion at issue here was filed the judicial day before trial started,[1] and counsel explains the tardy filing by saying that he obtained a copy of defendant’s confession on January 25th which prompted his filing the motion eight days later.
We see no merit in this position. There is no asserted or obvious relevancy between defendant’s purported confession and his motion to suppress tangible evidence (a pistol and some clothing). Nor does that explanation account for the eight days between purported discovery of the grounds for the motion and its filing. Under these circumstances, we hold that the trial judge did not err or abuse his discretion in refusing to allow the filing of the motion to suppress. The assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2
In his second assignment, defendant complains that the sentence imposed on him was excessive. Although this complaint was not waived by the guilty plea, it cannot be considered by us because no objection was raised to it at the time of sentencing. State v. Williams, supra. Moreover, were we to consider the merits of this assignment, we would find it nonmeritorious. Defendant was given the maximum sentence on a reduced charge pursuant to a plea bargain so that he would not face trial for aggravated rape with its possible death penalty upon conviction. Independent of the bargain, however, the sentence is not excessive under the circumstances of this case.

Decree

Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.
SANDERS, C. J., concurs.

. Defendant filed his motion to suppress on Friday, February 4, 1977 when trial was scheduled to commence Monday, February 7th.