CIACCIO, Judge.
Defendant, Lonnie Simmons, was charged with attempted second degree murder and a jury found him guilty as charged. R.S. 14:30.1 and 14:27.[1] He was sentenced to serve fifty (50) years in the Department of Corrections for the conviction on the charge of attempted second degree murder, and he was sentenced to an additional two (2) years because this crime involved the use of a firearm. R.S. 14:95.2. The defendant appeals his conviction and sentence relying upon two assignments of error. We affirm the defendant’s conviction and sentence.
On March 17, 1982 the defendant, Lonnie Simmons, was living with his daughter, *409 Wanda Palmer, and her boyfriend, Leroy Taplet, at 2222 Music Street in New Orleans, Louisiana. Ms. Palmer testified that on that date, at approximately 9:45 p.m., she arrived at her residence to find her father on the sofa in the living room. Ms. Palmer had retrieved a fan that had been discarded and she brought it home. According to Ms. Palmer her father was aggravated because he had to open the door for her after just performing the same task for Mr. Taplet. Simmons and Palmer became involved in an argument and Simmons shot Ms. Palmer three times with his .38 caliber revolver. Ms. Palmer’s story of the shooting was basically corroborated by her boyfriend.
Defendant Simmons, however, testified that he acted in self-defense. According to Simmons, Ms. Palmer was a person who drank to excess. He stated that on the night of March 17, 1982, he and his daughter became involved in an argument and she attacked him with a knife and he responded by shooting her. No knife was found at the scene.
The investigating officer testified that Simmons confessed to the shooting and the weapon used for the assault was found next to the defendant on the couch in the living room.
The defendant first requests that we review his case for errors patent on the face of the record. C.Cr.P. Art. 920. We have reviewed the record and find no such errors. Therefore, this assignment of error lacks merit.
Defendant, pro se, contends that the maximum sentence of fifty (50) years is excessive. A review of the record indicates that at the sentencing hearing the trial judge took into account both mitigating and militating factors before sentencing this defendant. C.Cr.P. Art. 894.1. The defendant argues that his age was not considered as a mitigating factor. To the contrary, the judge did consider the defendant’s age. However, he was very impressed by the .fact that this defendant “has on at least four occasions in the past ... had a gun in his possession, and has chosen to use it ... three times. He seriously injured at least two and killed one person.” [Tr 45] The judge did not feel that the defendant would respond affirmatively to probationary treatment. He further felt a custodial environment was required and that any lesser sentence would depracate the seriousness of the offense. [Tr 45-45]
Under the circumstances of this case we do not find this maximum sentence to be excessive. We also find that the trial judge complied with the sentencing guidelines provided by law. C.Cr.P. Art. 894.1. Therefore this pro se assignment of error lacks merit.
We have additionally reviewed this matter in order to determine if the evidence was sufficient to sustain the conviction. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Lynch, 436 So.2d 567 (La.1983). The totality of the evidence when viewed in the light most favorable to the prosecution satisfies this Court that any rational trier of fact could have found that the State proved the essential elements of the crime of attempted second degree murder beyond a reasonable doubt.
Accordingly, for the reasons assigned, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Although the defendant was also charged as being a convicted felon in possession of a firearm, this charge was dismissed by the State. R.S. 14:95.2.