461 So.2d 384 (1984)
STATE of Louisiana
v.
Joe COLLINS.
No. KA-1970.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1984.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., *385 Asst. Dist. Atty., New Orleans, for appellee.
Before GULOTTA, KLEES and ARMSTRONG, JJ.
GULOTTA, Judge.
Defendant appeals his ten year sentence with credit for time served, for violating LSA-R.S. 14:95.1, possession of a firearm by a convicted felon. In his sole assignment of error, defendant contends the sentence imposed is excessive. We affirm.
Before reaching the merits of defendant's assignment, we have reviewed the thirty-four page trial transcript for sufficiency of evidence to support the conviction. The arresting police office testified that defendant was in possession of .38 caliber revolver when apprehended during an argument with another man. The seized weapon and a certified copy of defendant's prior felony conviction for simple burglary were received into evidence without objection. Viewing the evidence in the light most favorable to the prosecution, in accordance with State v. Raymo, 419 So.2d 858 (La.1982), we conclude there was sufficient evidence upon which a rational trier of fact could find the defendant guilty beyond a reasonable doubt. Furthermore, upon the review of the entire record, we find no errors patent.
In support of his argument that the ten year sentence is excessive, the thirty-one year old defendant points out that his prior convictions for two misdemeanors and one simple burglary committed years prior to the instant offense do not warrant imposition of the maximum statutory penalty.
Before imposing sentence, the trial judge determined that defendant's prior criminal record consisted of: a suspended sentence in 1971 for misdemeanor theft, a one year prison sentence in 1973 for possession of stolen valuables, and a four year prison sentence in 1975 for simple burglary. After learning of defendant's age and birth place, the judge then stated the following:
"Your record indicates that you don't intend to rehabilitate either. The Court has considered all the alternatives of this case. I can't give you a suspended sentence because you have a prior felony conviction. If I were able to give you one, it is an undue risk that you would only commit another crime and the best treatment in the world for you is confinement in a custodial environment. Any lesser sentence of the one I'm about to give you would seriously deprecate the matter. I see no hope for you to become a law and order man. It is the sentence of this Court that you shall serve ten years at hard labor in the custody of the Department of Corrections in the State of Louisiana. You will be given credit for time served commencing October 8, 1982."
A sentencing judge need not articulate every aggravating and mitigating factor set forth in LSA-C.Cr.P. Art. 894.1, so long as the record reflects that he adequately considered the sentencing guidelines enumerated in the statute. The statute is satisfied, without the necessity for remand, where evidence in the record clearly shows an adequate factual basis for the sentence imposed. State v. Soco, 441 So.2d 719 (La.1983); State v. Hawthorne, 454 So.2d 285 (La.App. 4th Cir.1984), writ denied 457 So.2d 1201 (La.1984).
Having reviewed the transcript of the sentencing hearing, we cannot say that the judge failed to consider the statutory guidelines or to justify the sentence with factual reasons. In imposing sentence, the judge considered defendant's prior history of criminal offenses, which had increased in gravity with the passage of time to culminate in his instant conviction of possession of a firearm as a convicted felon. At the time of his arrest for this offense, evidence indicates that he was involved in an argument.
Although the sentencing judge did not enumerate the factors listed in LSA-C. Cr.P. Art. 894.1, he expressly noted that he had considered "all of the alternatives" and was imposing the prison sentence because defendant's recidivism indicated a lack of *386 intent to rehabilitate himself. The judge also noted that there was an "undue risk" that defendant would only commit another crime and that any lesser sentence would "seriously deprecate the matter".
It is also significant that defendant had nothing to say in his own behalf though twice given an opportunity to speak at the sentencing hearing. Defendant has not advanced any family ties, marital status, or health or employment history that might warrant a lesser sentence. Our examination of the record likewise reveals no mitigating factors. Under such circumstances, we cannot say the sentence is excessive.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.