GULOTTA, Judge.
Defendant appeals his fifty year sentence, with credit for time served, for violating LSA-R.S. 14:64,[1] armed robbery. In his sole assignment of error, defendant contends the sentence imposed is excessive. We affirm. Because the record does not contain the trial transcript, we are unable to review for sufficiency of evidence. State v. Raymo, 419 So.2d 858 (La.1982); State v. Fairbanks, 467 So.2d 37 (La.App. 4th Cir.1985), rehearing denied April 26, 1985, writ den 472 So.2d 916 (1985). However a review of the record before us discloses no errors patent.
Defendant contends the trial court erred in resentencing him to fifty years at hard labor, when the Louisiana Supreme Court had vacated the original fifty year sentence as being “excessive on the record”.
The trial court, in its reasons for imposition of the original sentence, stated:
“In this connection, the Court notes that the defendant has no prior convictions, but has a lengthy arrest record covering a five year period up to the date of the commission of the present offense and including eight felonies, nine misdemeanors, and four municipal convictions.
“The Court also notes a total absence of any extenuating or mitigating circumstances. On the other hand, the defendant’s crime is aggravated by the fact that he ruthlessly victimized a 14 year old child and threatened her with death if she resisted. This Court takes extremely serious view of such conduct with or without the existence of mitigating circumstances, and there are none in this case.”
On appeal, this court in State v. Mitchell, 442 So.2d 806 (La.App. 4th Cir.1983) affirmed the sentence imposed by the trial judge. However, the Louisiana Supreme Court[2] set aside the sentence as being “...apparently excessive on the record” and remanded “to order a pre-sentence investigation report and resentence”.
After receipt of a presentence investigation, the trial judge on June 22,1984, again sentenced the defendant to fifty years at hard labor without benefit of parole, probation or suspension of sentence. In his reasons, the trial judge stated:
“The presentence investigation report was received May 15, 1984, and has been considered by the Court. In addition to the factors set forth prior to pronouncing of the sentence on September 13, 1984— 1983 — alright, 1982, the Court is now aware of the following additional factors: (1) The defendant was handled as a juvenile at least six times, he was committed to Scottlandville on two occasions, one for striking a teacher at McDonough 30, and one for burglary of a railroad car. (2) In March 1982, the defendant attempted to cash a social security check belonging to his grandfather who had died the previous week.” .
In response to the trial judge’s reasoning, the defense attorney stated:
“Your Honor, I am sorry, I hate to interrupt. We should have made that part of the allegations. The P.S.I. says that he was arrested while attempting to cash. The defendant’s story, if you wish him to say it under oath, is that in fact he had it on him. He was not attempting to cash it. The record at trial shows that he wasn’t trying to cash it when he was arrested as the P.S.I. says.”
The judge then concluded:
“Let the objection be noted. (3) The defendant has used drugs, including t’s and blues, talwain and pyribenzamene. (4) The defendant made a business at one *390 time of making and selling brass knuckles for an unstated period of time. In sum total, the defendant began a life of crime at an early age, stealing and abusing drugs. He has practically no work record of any substance, and has contributed very little to his family or others. The Court reiterates the reason stated at the original sentencing of this defendant and offers the following additional comments: The sentence which is about to be imposed is not based primarily upon the defendant’s criminal record, or upon the lack of mitigating or extenuating circumstances at stand. The Code of Criminal Procedure, Article 894.1 A3 states that when a defendant has been convicted of a felony or a misdemeanor, the Court should impose a sentence of imprisonment, if a lesser sentence will deprocate [sic] the seriousness of the defendant's crime. This principle was and is the basis for the Court sentence. The thought of this defendant ruthlessly holding a knife to the neck of a fourteen, (14) year old child, and threatening her with death, so shocks the sensibility of this Court that upon review of the facts and circumstances, including the previously indisc-losed aggravating circumstances, it becomes apparent that the original sentence was too lenient and if it were legally possible, the Court would increase it. For the foregoing reasons, it is the opinion of this Court that a lesser sentence thatn [sic] that originally pronounced in this case will deprocate [sic] the seriousness of the defendant’s crime.”
A sentence that is grossly out of proportion to the severity of the crime or “is nothing more than a purposeless and needless imposition of pain and suffering, may be constitutionally excessive even though it is within the statutory limits”. State v. Brogdon, 457 So.2d 616 (La.1984), cert denied; Brogdon v. State of Louisiana, — U.S. -, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). However, if there is compliance with the provisions of LSA-C. Cr.P. Art. 894.1, the sentence imposed will not be set aside as excessive in the absence of an abuse of the trial judge’s wide sentencing discretion. State v. Nealy, 450 So.2d 634 (La.1984); State v. Quebedeaux, 446 So.2d 1210 (La.1984). Therefore, as long as the record reflects adequate consideration of the sentencing guidelines enumerated in LSA-C.Cr.P. Art. 894.1, a sentencing judge need not articulate every aggravating and mitigating factor set forth therein. State v. Soco, 441 So.2d 719 (La.1983); State v. Collins, 461 So.2d 384 (La.App. 4th Cir.1984); State v. Swift, 449 So.2d 654 (La.App. 4th Cir.1984). Accordingly, the statute is satisfied, without the necessity for remand, where evidence in the record clearly shows an adequate factual basis for the sentence imposed. State v. Collins, supra.
In the instant case, the trial judge though not enumerating every factor contained in LSA-C.Cr.P. Art. 894.1, did articulate a number of aggravating circumstances, including defendant’s long and lengthy history of crime as well as the fact that defendant “ruthlessly” held a knife to the neck of the fourteen year old victim and “threatened her with death”. The judge also noted a “lack of mitigating or extenuating circumstances”, and stated that a sentence of imprisonment was justified under LSA-C.Cr.P. Art. 894.1[3], as a lesser sentence would “deprocate [sic] the seriousness of the defendant’s crime”.
Furthermore, having reviewed the resen-tencing (included in the record) transcript (which contains the testimony of both the defendant and his commonlaw wife), we find no mitigating factors. Accordingly, considering the nature of the crime and the age of the victim, we cannot say the sentence imposed was excessive.
AFFIRMED.

. The maximum sentence for armed robbery under LSA-R.S. 14:64 is "ninety-nine years, without benefit of parole, probation or suspension of sentence”.

. See: State v. Mitchell, 445 So.2d 743 (La.1984).

. LSA-C.Cr.P. Art. 894.1 A. provides in pertinent part, that when a defendant has been convicted of a felony or misdemeanor, the .court should impose a sentence of imprisonment if ... (3) A lesser sentence will deprecate the seriousness of the defendant’s crime.