486 So.2d 853 (1986)
STATE of Louisiana
v.
Donald JOHNSON.
No. KA 85 0894.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
*854 Edward M. Leonard, Asst. Dist. Atty., Franklin, for appellee.
Robert P. Fuhrer, Indigent Defender Bd., Franklin, for appellant.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
GROVER L. COVINGTON, Chief Judge.
Donald Johnson was charged by bill of information with one count of first degree robbery pursuant to La.R.S. 14:64.1. On March 18, 1985, he pled guilty to the charge, and was subsequently sentenced to twenty years, without benefit of parole, probation, or suspension of sentence.
Defendant brings this appeal alleging that the trial court committed error when it imposed an excessive sentence.
On January 2, 1985, the defendant entered Notto's Grocery in St. Mary Parish, Louisiana. He approached Mrs. Mercedes Notto, an elderly lady, and asked her for a candy bar. When Mrs. Notto turned around, the defendant pulled out a gun and said, "Give me your money or your life." At gunpoint, the defendant ordered Mrs. Notto to lie on the floor. He then went around the counter and took a brown bag containing approximately $7,000.00 cash. After an investigation, the defendant was arrested on January 28, 1985. As stated above, he subsequently pled guilty and was sentenced.

ASSIGNMENT OF ERROR
In his only assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before passing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). In light of the criteria expressed by article 894.1, a review of the individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Cox, 369 So.2d 118 (La. 1979).
Reviewing the article 894.1 guidelines, the sentencing record reflects that the trial court found aggravating circumstances. Referring to the pre-sentence investigation report, the trial court noted that the defendant was ineligible for probation, because this was his second felony offense. Reviewing the circumstances of the crime, the trial court stated:
The Court is impressed that the victim of this offense was placed in great fear for her life and safety because of your robbery and because of the fact that seven thousand dollars was taken from her during this robbery. This is a very serious and grievous matter. The Court finds that a lesser sentence would deprecate the seriousness of the offense.
Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if one's sense of justice is shocked when comparing the punishment in light of the harm done to society. State v. Gray, 461 So.2d 627, 631 (La.App. 1st Cir.1984).
Even though a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762 (La. 1979). However, the trial court has wide discretion in the imposition of sentences, and a sentence within statutory limits will not be set aside in the absence of an abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984).
The trial court satisfied the criteria set forth in Code of Criminal Procedure article 894.1. We find no abuse of discretion by the trial court in this case. Furthermore, this sentence is not a needless and purposeless imposition of pain and suffering, nor is it grossly out of proportion to the severity of the offense. See State v. Telsee, 425 So.2d 1251 (La.1983). The defendant *855 was exposed to a maximum sentence of forty years at hard labor. It should also be noted that, at the time the defendant pled guilty to this offense, he was also facing charges for illegal possession of stolen things valued over five hundred dollars, three counts of forgery, two counts of theft by fraud, and simple burglary. Under the circumstances, we cannot say that this sentence of twenty years at hard labor is excessive. Therefore, this assignment of error is without merit.
We affirm the conviction and sentence.
AFFIRMED.