KLEES, Judge.
The defendant Charles Wallace was charged with armed robbery, attempt armed robbery, and attempt second degree murder. On February 5, 1987, the defendant was found guilty of first degree robbery, not guilty of attempt armed robbery and guilty of attempt second degree murder. On February 20, 1987, the defendant was sentenced to serve forty years at hard labor without benefit of parole, probation or suspension of sentence for his conviction of first degree robbery and thirty years at hard labor for his conviction of attempt second degree murder, the sentences to run concurrently.
On October 13, 1986, the defendant, Charles Wallace, was excommunicated from the Hare Krishna Community. Eight days later on October 21, 1986, at approximately midnight, the defendant, armed with a small pistol and with a bag over his head, entered the Touchstone Designs Bookstore in the French Quarter and stated, “This is a stickup!” Mr. James Steel-man, a member of the Hare Krishna Community and part owner of the bookstore, became frightened and began chanting, “Hare Krishna! Hare Krishna! Hare Krishna!” The defendant approached Mr. Steelman and shot him twice in the stomach before fleeing into the street, Mr. Steelman saw the back of the defendant’s head removed the bag and recognized him as, Revatta Moonie, the defendant’s spiritual name.
Louis Thompson and Joe Parks were cabdrivers whose cabs were parked on Bourbon Street when the defendant demanded a ride to the Magnolia Housing Project. Both drivers refused. Thompson testified that he saw the victim slumped over in the street. Parks testified that the defendant then pointed his pistol at the driver of an automobile parked in front of his taxi. The driver, Charlene Touzet, testified that the defendant opened her door, pointed a gun and said, “Get out.” Touzet and her boyfriend, Jeffrey Dominique, exited and the defendant got into the car and drove away. The police were then notified and Officer Michael Richter broadcast a description of the automobile.
Approximately thirty minutes later, Officer Warren Pope saw a vehicle matching this description being driven on St. Charles Avenue. The officer and his partner stopped the vehicle and arrested the defendant. Officer Pope then called Officer Richter who, in turn, transported Touzet and Parks to this location where both identified the defendant as the person who drove away in Touzet’s vehicle.
The defendant testified at trial that he was excommunicated from the Hare Krishna Community on October 13, 1986. The defendant was angry and depressed and began drinking. He testified that he was drinking and smoking “weed” before committing these acts.
Review of the record for errors patent reveals none.
By defendant’s only assignment of error, he contends that the trial court erred by imposing unconstitutionally excessive sentences. The defendant was sentenced to *1186 the maximum forty years at hard labor without benefit of parole, probation or suspension of sentence for his conviction of first degree robbery and was sentenced to serve thirty years at hard labor for his conviction of attempt second degree murder.
Article I § 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. The imposition of sentence, although within the statutory limits, may be unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “nothing more than the purposeless imposition of pain and suffering.” State v. Francosi, 511 So.2d 1181 (La.App. 4th Cir.1987). In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in C.Cr.P. art. 894.1 in determining the defendant’s sentence. State v. Johnson, 486 So.2d 853 (La.App. 1st Cir.1986); State v. Francosi.
In the present matter, the trial court stated that it considered the guidelines of Article 894.1 before imposing sentence. The judge reiterated the details of this crime then stated:
The defendant’s criminal history shows that prior to the instant convictions he was arrested twice, once for armed robbery and once for conspiracy to commit armed robbery. He has no prior convictions. The defendant’s lack of a substantial criminal record at his age weighs in his favor. However, his most recent crimes are so serious that they must not be deprecated by an inadequate sentence. Resentment is certainly no justification for the crimes of armed robbery and attempted murder. (Sen.Tr. page 2)
This transcript indicates that the trial judge sufficiently considered the guideline of C.Cr.P. art. 894.1 before imposing sentence.
Once adequate compliance with Article 894.1 is found, the reviewing court must examine the facts and sentences of other cases to determine whether the sentence imposed is too severe in light of the particular circumstances of the defendant’s case. In State v. Johnson, the defendant was convicted of first degree robbery and sentenced to serve twenty years at hard labor without benefit of parole, probation, or suspension of sentence. The First Circuit Court of Appeal found that this sentence was not excessive. In State v. Gilliam, 503 So.2d 585 (La.App. 4th Cir.1987), the defendant was found guilty of attempt aggravated rape and first degree robbery. He was sentenced to serve forty years at hard labor for each crime, sentences to run concurrently and without benefit of parole, probation or suspension of sentence. This Court found that the facts and circumstances of the case supported the trial court’s sentence. The trial judge considered the following circumstances before sentencing the defendant: The defendant had a previous armed robbery conviction and when serving time for that conviction, the defendant violated numerous prison rules; the defendant caused severe physical harm to the victim; the attack was unprovoked; the victim was vulnerable however, the defendant was employed and had not been arrested for five and one half years prior to being arrested for the present crimes. In that case, the defendant punched the victim in the face numerous times, threatened to cut her throat and stole money before fleeing.
In State v. Gillen, 480 So.2d 1074 (La. App. 5th Cir.1985), the defendant was charged with seven counts of armed robbery. Pursuant to a plea bargain, the defendant entered pleas of guilty to two counts of frist degree robbery and was sentenced to serve fifteen years without benefit of probation, parole, suspension of sentence on count one and five years without benefit of probation, parole or suspension of sentence on count two, sentences to run concurrently. The Fifth Circuit Court of Appeal found these sentences were not excessive particularly where the defendant had agreed to plead guilty on the promise that sentences would not exceed fifteen years.
The defendant in this case was also sentenced to serve thirty years at hard *1187 labor after he was convicted of attempt second degree murder. The maximum sentence that could be imposed is fifty years at hard labor. A review of decisions from this and other courts fails to reveal a single case where a sentence imposed on a defendant convicted of attempt second degree murder was found to be excessive. In several cases, the maximum fifty year sentence was held not excessive. State v. Collins, 470 So.2d 549 (La.App. 1st Cir.1985); State v. Simmons, 454 So.2d 408 (La.App. 4th Cir.1984); State v. Latiolais, 453 So.2d 1266 (La.App. 3rd Cir.1984); State v. Foley, 448 So.2d 731 (La.App. 5th Cir.1984); State v. Hill, 431 So.2d 871 (La.App. 2nd Cir.1983); State v. Gray, 430 So.2d 1251 (La.App. 1st Cir.1981).
In the present case, the defendant was originally charged with armed robbery and attempt second degree murder. He shot his “godbrother” twice in the stomach at close range then pointed a pistol at a woman, demanded she exit her car, then drove off. He placed several people in fear of their lives. In light of the particular facts of this case and after review of the jurisprudence, we conclude that defendants sentence was not excessive.
Accordingly, defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.