BARRY, Judge.
The defendant was found guilty of armed robbery, La.R.S. 14:64, and sentenced to fifty years at hard labor without benefit of parole, probation or suspension of sentence. His only assignment of error argues that the sentence is excessive.
On December 12, 1986 Ms. Paulette Mar-chiafava returned home about 3:30 p.m. after picking up her son at school. She testified she was parked in the driveway when she saw a man whom she identified as the defendant running toward her with a gun at his side. The defendant demanded her purse and told her to be quiet. After she gave him her purse, he started to leave, then stopped. She told her son to get on the car floor, then screamed to attract her neighbor’s attention. The defendant pointed the gun at her and warned that she was told to be quiet. He then ran out of the gate and left in a waiting car.
Jay Danna, a neighbor, testified he heard Ms. Marchiafava scream and saw a black male put something under his jacket as he left her house. The man got into a yellow Maverick driven by another black male and drove away. Mr. Danna followed in his car until he got close enough to read the license number which he gave to the police. He could not identify the robber or driver. The police traced the license to Herman Myles, the car’s owner.
Detective Jim Hall placed Mr. Myles’ picture in a photographic line-up but Ms. Mar-chiafava could not identify him as the culprit. Myles testified he loaned his Maverick to the defendant on December 12, 1986. Detective Hall then put the defendant’s photo in a line-up and Ms. Marchiafava positively identified the defendant. She also identified him in court.
The defendant denied robbing Ms. Mar-chiafava and claimed Myles lied about his borrowing the Maverick.
La. Const. Art. I, § 20 prohibits excessive punishment. A sentence may be excessive and violate a defendant’s constitutional right even though it is within the statutory limit. State v. Cann, 471 So.2d 701 (La.1985). A sentence is excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251 (La.1983).
The trial court’s reasons for imposing sentence under La.C.Cr.P. Art. 894.1 are an important aid when reviewing an allegedly excessive sentence. State v. Sepulvado, 367 So.2d 762 (La.1979). The record must reflect that the court considered aggravating and mitigating circumstances although each need not be articulated. State v. Gulden, 399 So.2d 194 (La.1981), cert. denied 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982); State v. Forde, 482 So.2d 143 (La.App. 4th Cir.1986).
The trial judge has wide discretion and the sentence should not be set aside absent manifest abuse. State v. Sweeney, 443 So.2d 522 (La.1983).
The trial judge followed Art. 894.1 C by articulating the facts, including the presence of the victim’s young child and the defendant’s threat to use his gun. Noting that the defendant was single, 24 years old, and purportedly worked as a self-employed gardener, the court concluded the evidence failed to support any mitigating factors in Art. 894.1 B. Conversely, the court found aggravating circumstances under Art. *387 894.1 A in the defendant’s lengthy criminal record (dating to 1979) which includes thirty arrests from trespassing to aggravated assault, armed robbery and attempted murder. The trial judge concluded a lesser sentence would deprecate the seriousness of this armed robbery.
The Supreme Court has upheld forty years as not excessive for armed robbery by a first offender, State v. Dunns, 441 So.2d 745 (La.1983), and fifty years, State v. Huntsberry, 439 So.2d 432 (La.1983). See also State v. Smith, 516 So.2d 210 (La.App. 4th Cir.1987); State v. Clark, 499 So.2d 332 (La.App. 4th Cir.1986); State v. Wilson, 452 So.2d 773 (La.App. 4th Cir.1984).
In summary, the defendant pointed a gun at the victim and threatened her with her child nearby. The trial court expressly found no mitigating circumstances, but found as aggravating the defendant’s long criminal history and the seriousness of this offense. The fifty year sentence is six months more than half of the ninety-nine year maximum. There was compliance with Art. 894.1 and we do not find the sentence excessive. State v. Quebedeaux, 424 So.2d 1009 (La.1982).
The record clearly proves the defendant’s guilt beyond any reasonable doubt. There are no errors patent.
The conviction and sentence are affirmed.
AFFIRMED.