544 So.2d 1302 (1989)
STATE of Louisiana
v.
Richard S. COLEMAN.
No. 88-KA-1823.
Court of Appeal of Louisiana, Fourth Circuit.
May 25, 1989.
*1303 Dwight Doskey, Orleans Indigent Defender Program, New Orleans, and John D. Rawls, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Sandra Pettle, Asst. Dist. Atty., New Orleans, for appellee.
Before SCHOTT, C.J., and LOBRANO and WARD, JJ.
LOBRANO, Judge.
On February 23, 1988, the State charged the defendant, Richard B. Coleman, with nine counts of armed robbery, six counts of first degree robbery and one count of attempted armed robbery, violations of La. R.S. 14:64, La.R.S. 14:64.1 and La.R.S. 14:27, 14:64 respectively. The bill of information alleged that these robberies occurred between October 3, 1987 and December 14, 1987, and were perpetrated by the defendant.
According to the trial court's minute entry of May 13, 1988, the State amended the bill of information regarding count seven from attempted armed robbery to attempted first degree robbery. Thereafter the trial court conducted a preliminary hearing and found probable cause to bind the defendant over for trial. The trial court began to conduct a motion to suppress the confession, identification and evidence hearing on counts 12 and 13 and heard testimony of two state witnesses. At that point, counsel for defendant informed the court that the defendant desired to plead guilty to all offenses charged. Guilty plea forms involving all charges were executed and signed by the defendant, his counsel and the trial court. There was no plea bargain for sentencing.
The trial court then advised the defendant of his constitutional rights enumerated in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The defendant waived those rights and then admitted to the allegations of the bill of information regarding counts 1, 2, 3, 4, 6, 7, 8, 9, 10, 12, 13, 14, refusing to admit to the allegations contained in counts 5, 11, 15, 16. In so doing, the defendant pled guilty to the November 7, 1987 armed robbery of Thomas Bender of $160.00, count 1; the November 9, 1987 armed robbery of Audrey McNally of $250.00, count 2; the November 16, 1987 first degree robbery of Phyllis Ricourd of $200.00, count 3; the December 11, 1987 first degree robbery of Phyllis Ricourd of $100.00, count 4; the November 20, 1987 first degree robbery of Linda Mosley of $67.00, count 6; the November 20, 1987 attempt first degree robbery of Frederick Torres count 7; the December 3, 1987 armed robbery of Yancy Roberts of $200.00, count 8; the November 21, 1987 armed robbery of Debra Atkins of $2,000.00, count 9; the November 24, 1987 armed robbery of Dionne Davidson of $13.00, count 10; the November 23, 1987 armed robbery of Michael and Trina Moolekamp *1304 of $900.00, count 12; the December 14, 1987 armed robbery of Michael and Trina Moolekamp of $197.00, count 13; and the December 13, 1987 armed robbery of Alicia Webb of $53.00, count 14. The trial judge ordered a presentence investigation and set the hearing on motions in the remaining counts for June 10, 1988.
On June 10, 1988, the State nolle prosequied the remaining charges.
On September 2, 1987, after articulating reasons, the trial judge sentenced Coleman to serve fifty years at hard labor for each of the seven armed robbery convictions, forty years at hard labor for each of the four first degree robbery convictions and twenty years at hard labor of the attempt first degree robbery. All of these sentences were imposed without benefit of parole, probation or suspension of sentence. Also, all of the sentences run concurrently.
At sentencing, the defendant objected to the severity of the sentence. Coleman now appeals alleging that the trial court sentenced him to unconstitutionally excessive sentences. We do not agree.
Complaints as to excessiveness of sentences imposed by the trial court upon a defendant who pleads guilty and who objects to sentencing may be reviewed. State v. Johnson, 354 So.2d 1036, 1037 (La.1978).
Article I, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. Although within statutory limits, a sentence may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La.1984) cert den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
To insure adequate appellate review the record must indicate that the trial court considered aggravating and mitigating factors set forth in C.Cr.P. Art. 894.1 in fashioning the defendant's particular sentence in light of the particular offense. State v. Quebedeaux, 424 So.2d 1009 (La. 1982); State v. Francosi, 511 So.2d 1181 (La.App. 4th Cir.1987).
Maximum sentences are reserved for cases involving the most serious violations of the charged offense and for the worst kind of offender. Quebedeaux, supra at 1014.
The trial judge has wide discretion with regard to sentencing and the sentence should not be set aside absent manifest abuse. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Yarls, 527 So.2d 385 (La.App. 4th Cir.1988).
The trial judge followed C.Cr.P. Art. 894.1 by articulating reasons for sentencing. He noted that the defendant was 36 years old, a high school graduate, twice divorced with three children. The defendant had served three months in the army in 1969 before he was discharged for being overweight. Since 1976, the defendant held several jobs including playing with musical bands. The defendant admitted marijuana use from 1978 to 1986 and of being a cocaine addict since 1987.
The trial judge had received several letters from the defendant's family members and friends seeking clemency.
Moreover, the trial court noted that the defendant had a 1970 federal criminal conviction for bank burglary, that in 1972, he was arrested for unauthorized use of an automobile and in 1976 he was again arrested for theft and possession.
The court also characterized the defendant's present convictions as a "crime spree" in which he committed a series of robberies with a variety of weapons over a two and one-half month period.
The police report indicated that all of the robberies involved local businesses. In one instance, the defendant threatened to blow the brains out of one of the customers; in another the defendant struck the victim over the head with a large umbrella causing injury which required medical treatment.
The trial judge believed that the defendant's actions indicated a blatant disregard for the rights and safety of others, that the defendant posed a great risk of committing *1305 future crimes and that any lesser sentence would deprecate the seriousness of his conduct.
The Supreme Court has upheld forty years as not excessive for armed robbery as a first offender, State v. Dunns, 441 So.2d 745 (La.1983) and fifty years, State v. Huntsberry, 439 So.2d 432 (La.1983). This court has upheld a fifty year sentence for armed robbery for a first offender, State v. Yarls, supra, noting that "(t)he fifty year sentence is six months more than half of the ninety-nine year maximum." Id. at 387. See also, State v. Smith, 516 So.2d 210 (La.App. 4th Cir.1987); State v. Mitchell, 480 So.2d 388 (La.App. 4th Cir.1985). This Court also upheld a 99 year maximum sentence where the perpetrator had an extensive criminal history and shot the victim. State v. Isaac, 487 So.2d 565 (La.App. 4th Cir.1986), writ den. 530 So.2d 80 (La.1988). See also State v. Roberson, 445 So.2d 12 (La.App. 4th Cir.1983) writ den. 449 So.2d 1344 (La.1984).
Further, this court affirmed a maximum forty year sentence for a defendant convicted of first degree robbery. State v. Wallace, 522 So.2d 1184 (La.App. 4th Cir. 1988). In Wallace, supra, the defendant had been cbarged with armed robbery, attempted armed robbery and attempted second degree murder. In the incident, the defendant robbed a French Quarter bookstore, shot the part owner of the store before fleeing in a taxi which he had commandeered at gun point ordering the passengers to get out. While the defendant was acquitted of attempted armed robbery he was convicted of attempted second degree murder and was sentenced to serve thirty years at hard labor, sentences running concurrently. See also State v. Johnson, 486 So.2d 853 (La.App. 1st Cir.1986); State v. Gilliam, 503 So.2d 585 (La.App. 4th Cir.1987).
In the present matter, Coleman was also sentenced to the maximum twenty year sentence for his attempted first degree robbery conviction. Further, we note that, because these offenses were not part of the same transaction, had the trial court not specified that the sentences were to run concurrently, C.Cr.P. Art. 883 requires that they be imposed consecutively. In addition, the seven armed robberies, four first degree robberies and one attempted first degree robbery were all separate crimes committed by the defendant in less than a three month period. The trial judge correctly indicated that the defendant engaged in a rampant crime spree. These enumerated factors, and the defendant's previous criminal history, indicate that the sentences imposed are not excessive.
Accordingly, the defendant's sentences are hereby affirmed.
AFFIRMED.