ARMSTRONG, Judge.
The relator, Darwin Yarls, was convicted of armed robbery. He was sentenced to serve fifty years at hard labor without benefit of probation, parole or suspension of sentence. On appeal relator’s conviction and sentence were affirmed. State v. Yarls, 527 So.2d 385 (La.App. 4th Cir.1988).
Relator now comes before this court seeking relief from the trial court’s denial of his application for Post Conviction Relief. He asserts four claims in support of his application.
Relator contends that both his appeal counsel and his trial counsel were ineffective. The U.S. Supreme Court has set forth a two-prong test for determining whether counsel has been effective. The defendant must show (1) that counsel’s performance was deficient and (2) that the deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984); State v. Petta, 496 So.2d 390 (La.App. 4th Cir.1986). Performance is ineffective only when it can be shown that counsel made errors so serious that counsel was not functioning as “counsel” guaranteed by the Sixth Amendment. Petta, supra at 392.
*451 There exists a “strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” Strickland, supra 104 S.Ct. at 2065. “[It] is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings.” Id. 104 S.Ct. at 2067. Instead, the defendant must show a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. 104. S.Ct. at 2068.
Relator first claims that his appeal counsel was ineffective because he raised only one assignment of error on appeal.[1] Relator argues that although his trial counsel raised many objections during the trial, his appeal counsel failed to raise any issues on appeal which dealt with the relator’s conviction. Relator, however, does not elaborate. Therefore, relator merely puts forth an allegation without supporting it, and as such, has not shown that the performance of his appeal counsel was deficient. This claim fails to meet the criteria of Strickland, supra.
Relator also claims that his trial counsel was ineffective because he failed to object to the introduction of the photographic line-up wherein the victim identified the relator. Relator states that the line-up was suggestive because the name Rubin Yarls was written on the back of the photograph. Relator, however, refers to trial testimony that the victim did not see the back of the photographs before she picked out the relator. The following excerpt is taken from the relator’s application as the basis of his argument:
Officer Hall testified that the victim did not see the name Rubin Yarls on the back of petitioner’s photo before she identified it, nor is it anywhere in the record that the victim saw the name, although she dated the photo and signed her name on the back where the name Rubin Yarls was written.
Relator then cites the jurisprudence which discusses suggestive identification procedures. That jurisprudence, however, is inapplicable here because relator admits that the testimony shows that the victim did not view the backs of the photographs before identifying the relator as the perpetrator. Thus, relator has not shown that the identification procedure was suggestive.
Since there is no showing that the procedure was suggestive, relator’s argument that his counsel was ineffective for not objecting to the introduction of the photographs is without merit.
Relator next contends that his trial counsel was ineffective for failing to request an admonition to the jury concerning the opening remarks of the prosecutor. Relator quotes the following colloquy from the transcript:
This case is based solely upon her identification since he wasn’t arrested until three months later. In other words the crime was committed and the person who did the crime got away and wasn’t arrested until some time later. Now Miss Marchava ...

BY MR. MEYER:

Excuse me, Judge, I’m going to object to that, that’s a conclusion. That’s what this jury is going to have to decide today, whether the person who committed this crime was arrested five months later.
Relator claims that this remark was prejudicial because “the jury could have viewed the prosecutor’s remark relating to petitioner’s arrest as evidence to be considered in determining his guilt, rather than his innocence before the State produced any evidence.” The relator’s allegation is without merit.
The arrest of a defendant is a fact which is introduced at trial, and which is obvious to the jury since he is on trial for the commission of the offense. This writer can find no jurisprudence which supports the relator’s notion that the mention of the arrest of a defendant in opening statement is prejudicial.
*452 Further, since relator has not shown that the remark was prejudicial, it cannot be said that his counsel was ineffective for failing to request an admonition to the jury. Relator has not shown that his counsel’s performance was deficient, therefore, this claim is without merit and should be denied.
Lastly relator contends that the trial court gave an erroneous jury charge on reasonable doubt and his counsel was ineffective for failing to object to the charge.
Relator claims that the jury instruction given at trial was similar to that given in Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). In that case, the United States Supreme Court held that the jury charge was contrary to the reasonable doubt standard articulated in existing jurisprudence. On remand, the Louisiana Supreme Court found the erroneous jury instruction to be harmless error. State v. Cage, 583 So.2d 1125 (La.1991), cert. denied, — U.S.-, 112 S.Ct. 211, 116 L.Ed.2d 170 (1991). Subsequently, the decision in Cage has been held to announce a new rule of law, and thus, is not to be applied retroactively. Skelton v. Whitley, 950 F.2d 1037 (5th Cir.1992), cert. denied, — U.S. -, 113 S.Ct. 102, 121 L.Ed.2d 61 (1991).
As to relator’s claim that his counsel was ineffective for failing to object to the charge, the error was harmless. Petitioner has not shown that he was prejudiced by counsel’s failure to object, and thus, the claim fails under Strickland, supra. This claim is without merit.
For the foregoing reasons, we find that the trial court correctly denied relator’s application for post conviction relief.
WRIT DENIED.

. The issue was excessive sentence.