COLE, Judge.
Defendant Jeffrey Johnson, was charged by bill of information with attempted simple burglary. Prior to trial, the State amended the bill of information to charge defendant with simple burglary, a violation of La.R.S. 14:62.[1] Defendant entered a plea of not guilty and waived his right to a trial by jury. The trial court found him guilty as charged and subsequently sentenced him to three years at hard labor. Defendant has now appealed, alleging as his sole assignment of error the sentence imposed upon him was excessive.
Defendant’s conviction arose from an incident which occurred on August 28, 1983. On that date city police officers were dispatched, in response to an alarm, to a north Baton Rouge machine shop to investigate a possible burglary in progress. Upon arriving at the scene, defendant was observed walking from the front of the building to his parked car. An investigation revealed a window air conditioning unit had been pushed inside to gain entry from the front of the building. Defendant was arrested at the scene when officers observed a white powdery substance on his hands which matched that found on the air conditioning unit.
A trial court is given wide discretion in the imposition of sentences within statutory limits. State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir.1983). Given compliance with the sentencing criteria of La. Code Crim.P. art. 894.1, a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir. 1984).
Defendant was exposed to a maximum sentence of twelve years imprisonment and a fine of $2,000 under La.R.S. 14:62. The sentence of three years was well within statutory limits. It was not severe. In fact, considering defendant’s prior criminal activities, we deem it most lenient.
Further, the trial court carefully particularized the sentence to defendant, considering both mitigating and aggravating factors as set forth in art. 894.1. The trial court ordered a presentence investigation and noted the instant offense was at least defendant’s second felony conviction.[2] Thus, defendant was not eligible for probation under La.Code Crim.P. art. 893. Defendant’s criminal record also included several misdemeanor offenses, including a recent offense in California which involved a firearm. In view of defendant’s history of criminal activity, the trial court concluded defendant was in need of correctional treatment in a custodial environment. The trial court was also of the opinion a lesser sentence would deprecate the seriousness of defendant’s crime.
We find no abuse of discretion. To the contrary, we find this case to be an abuse of the right to appeal. The sentence im *1021 posed was neither grossly disproportionate to the crime nor a needless imposition of pain and suffering and thus not excessive. State v. Benton, 453 So.2d 993, 998 (La. App. 1st Cir.1984), writ denied, 457 So.2d 17 (La.1984). For these reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Defendant was not rearraigned following amendment of the bill of information. However, defendant and his counsel expressly declined the trial court’s offer to continue the trial date. Any irregularity was waived when defendant proceeded to trial without objection. La.Code Crim.P. art. 555. In addition, defendant does not allege, nor do we find defendant was misled by the State’s failure to delete La. R.S. 14:27 from the citation of the statutes defendant was charged with' violating. Under these facts, this error was not prejudicial to defendant and thus may not serve as a ground for reversal. La.Code Crim.P. art. 464.

. For sentencing purposes, the trial court accepted defendant’s assertion a California conviction for assault with a deadly weapon had been reduced to a misdemeanor. However, defendant has a prior felony conviction for obtaining a controlled dangerous substance by fraud, a violation of La.R.S. 40:971 B(l)(b).