DUFRESNE, Judge.
The defendant was charged by bill of information with first degree robbery, (La. R.S. 14:64.1). After arraignment he pled not guilty, but subsequently withdrew that plea and entered a plea of guilty as charged.
The trial judge advised him of his right; a Boykin waiver form was properly executed by the defendant. The court accepted his guilty plea and ordered a pre-sen-tence investigation. The trial judge also indicated that he would not impose a greater sentence than fifteen years.
On February 28, 1985, the defendant was sentenced to serve ten (10) years in the custody of the Department of Corrections without benefit of parole, probation or suspension of sentence.
The defendant now appeals and asserts that the sentence imposed was excessive. He further urges that we review the record for any errors patent.

Assignment of Error No. 1

Excessiveness of Sentence

The defendant was informed by the court that his sentence would not exceed fifteen years; thus, his plea bargain has not been violated in the sentence imposed by the court. However, since the plea bargain does not represent an agreement as to a specific sentence, but rather to a sentencing range, we will review same here.
Sentences should be particularized to the defendant, State v. Accardo 466 So.2d 549 (La.App. 5th Cir.1985). In the present case the trial judge indicated that he was considering the P.S.I. report and that he was concerned that the defendant had an outstanding warrant for probation revocation from another jurisdiction.
*1335 The penalty provisions for first degree robbery (La.R.S. 14:64.1) have a sentencing range of three years to forty years without benefit of parole, probation or suspension of sentence.
The sentence here is lenient and although the trial judge provided minimal compliance with C.Cr.P. Art. 894.1, we are satisfied that the record adequately supports the sentence of ten (10) years.
This assignment of error is without merit.

Assignment of Error No. 2

Patent Error

We have reviewed the entire record and more specifically, that the defendant was properly “boykinized”. The defendant adequately conveyed to the court his willingness to waive his prescribed rights and enter a guilty plea.
Accordingly, we find no errors patent; thus, the defendant’s conviction and sentence are affirmed.
AFFIRMED.