480 So.2d 1074 (1985)
STATE of Louisiana
v.
Michael GILLEN.
No. 85-KA-421.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1985.
John M. Mamoulides, Dist. Atty., William C. Credo, III, Asst. Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
John H. Craft, Craft & Doskey, New Orleans, Ben Kay, Sarasota, Fla., for defendant-appellant.
Before CHEHARDY, KLIEBERT and BOWES, JJ.
KLIEBERT, Judge.
Michael Gillen was charged by bill of information with seven counts of armed robbery in violation of La.R.S. 14:64. Pursuant to a plea bargain, the defendant entered pleas of guilty to two counts of first degree robbery in violation of La.R.S. 14:64.1, designated as Count 1 and Count 6 on the original bill of information. At the time, the trial judge explained to the defendant that if he accepted the pleas of guilty the maximum amount of time he would impose on the two counts would be *1075 fifteen years, but before definitely deciding on the length of the sentence he would order a pre-sentence report prepared. The defendant indicated he was fully aware of his rights and the scope of the plea bargain. On that basis the trial judge accepted the defendant's pleas.
Based on the plea bargain, the trial judge imposed a sentence of fifteen years without benefit of probation, parole or suspension of sentence on Count 1. On Count 2, he imposed a sentence of five years without benefit of parole, probation or suspension of sentence which was to run concurrently with the sentence on Count 1.
The defendant appealed the sentence to this court contending the trial judge failed to follow the requirements of C.Cr.P. Article 894.1 and imposed an excessive sentence. He contends the sentence is excessive in light of both the offense and the offender.
The Louisiana Constitution, Article I, Section 20, prohibits the imposition of excessive sentences. A sentence is considered excessive if it is grossly out of proportion to the severity of the crime, even if it is within the statutory limits. State v. Bonanno,384 So.2d 355 (La.1980); State v. Sepulvado, 367 So.2d 762 (La. 1979). Nevertheless, a defendant who accepts a sentence under a plea bargain may not later assert that the sentence is excessive or that the trial judge failed to comply adequately with the sentencing guidelines of La.C.Cr.P. Article 894.1. State v. Curry, 400 So.2d 614 (La.1981); State v. Edwards, 434 So.2d 395 (La.1983).
Although the jurisprudence is unclear as to whether a defendant who agrees to a range of sentence rather than a specific sentence under a plea bargain can urge on appeal that the sentence is excessive, our review of the record shows evidence which "clearly illumines" the judge's sentencing choice and that the sentence imposed is not excessive.
In sentencing the defendant to the concurrent sentences of fifteen years on Count 1 and five years on Count 6, the trial court relied on, as circumstances indicating that such a sentence was appropriate: (1) its view of the seriousness of defendant's crimes; (2) its belief that the defendant's conduct should be seriously punished; and (3) its recognition that defendant had already greatly benefited from his plea bargain, i.e., of the original seven counts of armed robbery five were dismissed and the remaining counts were reduced to first degree robbery. The trial court also recognized the mitigating circumstances presented to it in testimony from several witnesses as to the defendant's lack of previous convictions and the hardship which would be imposed on the defendant's family if he was imprisoned.
Here the defendant Gillen's pleas were knowledgeably, intelligently and voluntarily entered with full understanding of its ramifications and his acquiescence. The trial judge felt that notwithstanding the lack of a prior conviction and the hardship imprisonment would impose on his family, the crimes committed by the defendant were serious, and the defendant had to be held accountable for them. He fixed the sentence accordingly. Although he did not state with particularity his reasons for imposing the sentence, we cannot say he abused his discretion or that the sentence he imposed was excessive. For that reason, we affirm the trial court's rulings.
AFFIRMED.