Le BLANC, Judge.
Defendant, James Cummings, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. He subsequently pleaded guilty to first degree robbery, a violation of La.R.S. 14:64.1. The court sentenced him to serve a term of twenty-four years at hard labor, without benefit of probation, parole or suspension of sentence. Defendant appealed, urging as his only assignment of error that the sentence imposed is excessive.
Defendant was originally charged with two counts of armed robbery and entered pleas of not guilty. On the date of trial, defendant elected to plead guilty to one count of armed robbery in exchange for a promise by the state to nol-pros the other charge of armed robbery and to decline filing a habitual offender bill. The agreement, in which the court concurred, further provided that defendant’s sentence would be not less than ten nor more than twenty-five years at hard labor.
During the Boykin examination, the court concluded a factual basis for a plea to armed robbery did not exist because defendant testified he was unarmed during the robbery. However, because defendant admitted that he led the victim to believe he was armed, the state agreed to amend the bill of information to charge one count of first degree robbery. Defense counsel assented to the same sentencing exposure previously agreed to, and defendant specifically stated he was aware the maximum possible term of imprisonment would be the same. Defendant then pleaded guilty with the same terms as the previous agreement.
We note that where a specific sentence has been agreed to as a consequence of a plea bargain, that sentence cannot be appealed and there is no need for the trial judge to give reasons for the sentence. State v. Bell, 412 So.2d 1335 (La.1982). Nevertheless, when the actual sentence is not a part of the plea bargain but the court expressly agrees that the sentence will be within a specified range, the Louisiana Supreme Court has indicated, at least inferentially, that the sentence may be subject to a review for excessiveness. See State v. Bell, supra; see also State v. Lewis, 434 So.2d 1261 (La.App. 1st Cir.1983). Therefore, we consider defendant’s claim of ex-cessiveness only in comparison to the range of sentencing to which he specifically agreed.[1]
Defendant claims his sentence is excessive because the trial court failed to consider applicable mitigating factors, specifically, numerous pleas for leniency submitted to the court by defendant’s friends and relatives, the considerable length of time since defendant’s previous conviction, and defendant’s poor physical condition. However, the sentencing transcript reflects that these factors were considered by the trial court.
In imposing sentence, the court noted that the numerous letters submitted on defendant’s behalf were identical, indicating that they were simply pro forma responses to a request from defendant or his counsel. Further, although defendant claims his sole conviction occurred some thirteen years before the instant offense, the record reflects that he had been arrested for armed robbery ten years before and had served seven years of the fifteen year sentence that had been imposed for that conviction. He was released in 1982 and was arrested for the instant offense in 1985. Although avoiding arrest for a period of three years is commendable, it is not of an overwhelmingly mitigating nature. Finally, the court noted that defendant’s seemingly aggressive and violent nature, as reflected in the nature of the offenses for which he had been arrested, in combination with his epilepsy, frequent seizures, and black-out spells, required effective psychiatric and medical *858 treatment. We concur with the court’s finding that defendant’s medical problems, in conjunction with his violent nature, create a substantial danger to society.
Defendant had the advantage of a very favorable plea bargain accepted by the state and the trial court. The sentence imposed, although close to the maximum agreed upon, was neither grossly disproportionate to the crime nor a needless imposition of pain and suffering and thus is not excessive. State v. Johnson, 471 So.2d 1019 (La.App. 1st Cir.1985). This assignment of error has no merit.
AFFIRMED.

. The sentencing exposure for a conviction of first degree robbery is a term of imprisonment at hard labor without benefit of probation, parole or suspension of sentence for at least three years and not more than forty years. La.R.S. 14:64.1.