507 So.2d 248 (1987)
STATE of Louisiana
v.
Jimmy CHAISSON.
No. KA 86 1436.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
*249 Francis Dugas, Dist. Atty., Thibodaux, for plaintiff-appellee State.
Stephen E. Caillouet, Asst. Indigent Defender, Thibodaux, for defendant-appellant Jimmy Chaisson.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Defendant, Jimmy Chaisson, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64 to which he pled not guilty. Subsequently, the district attorney amended the bill of information to charge first degree robbery, a violation of La.R.S. 14:64.1.[1] Defendant withdrew his plea of not guilty and entered a plea of guilty to the amended charge. The trial court sentenced defendant to serve a term of forty years at hard labor without benefit of probation, parole or suspension of sentence. Chaisson appeals urging two assignments of error.
1. The trial court erred when it failed to follow the sentencing guidelines established by La.C.Cr.P. art. 894.1 in that the court did not state for the record the considerations taken into account in rendering sentence.
2. The sentence imposed is excessive and constitutes cruel and unusual punishment.

EXCESSIVE SENTENCE
By assignments of error numbers one and two, defendant contends that the trial court erred in failing to consider the sentencing guidelines of La.C.Cr.P. art. 894.1 and in imposing an excessive sentence.
Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment *250 are considered in light of the harm done to society, it is so disproportionate as to shock one's sense of justice. State v. Reed, 409 So.2d 266 (La.1982). Moreover, maximum sentences are appropriately imposed only for the most serious violation of the described offense, and for the worst kind of offender. State v. Hernandez, 489 So.2d 1053 (La.App. 1st Cir.1986); State v. Easley, 432 So.2d 910 (La.App. 1st Cir.1983). A trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475 (La.1982).
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). In light of the criteria expressed by article 894.1, a review of the individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Cox, 369 So.2d 118 (La. 1979).
Reviewing the article 894.1 guidelines, the sentencing record reflects that the trial court found aggravating circumstances. Referring to the post-sentence investigation report (treated by the trial court as a pre-sentence report in the instant case) compiled after defendant's prior, and of contemporary date, Terrebonne Parish convictions, the trial court noted that defendant was ineligible for probation, because the instant matter was at least his second felony offense. The court further commented that the state reduced the charges in this case from three counts of armed robbery to one count of first degree robbery. The court stated that based on defendant's record and the court's obligation to the public, it would be unjustified in giving anything but the maximum sentence on the reduced charge. Although the trial judge noted that defendant apologized for his conduct, based on the recommendations of those involved in the criminal justice system, the court sentenced defendant to the maximum prison term of forty years.
When the trial court recites some of the article 894.1 factors, such as defendant's criminal record, a factual basis for the sentence is present and it is not necessary for the trial court to enumerate each factor under the article. State v. Lewis, 489 So.2d 1055 (La.App. 1st Cir.), writ denied, 493 So.2d 1218 (La.1986). Under the circumstances, we conclude that the trial court did not abuse its discretion in imposing sentence, and satisfied the criteria set forth in La.C.Cr.P. article 894.1. The sentence imposed, although the maximum allowed by law, was neither grossly disproportionate to the crime nor a needless imposition of pain and suffering and thus is not excessive. State v. Johnson, 471 So.2d 1019 (La.App. 1st Cir.1985).
For the foregoing reasons the conviction and sentence are affirmed.
AFFIRMED.
SAVOIE, J., agrees that the conviction should be affirmed, but for the reasons assigned dissents from the affirmation of the sentence.
SAVOIE, Judge, dissenting, in part.
I respectfully dissent, in part.
I agree that the conviction should be affirmed. However, I find that the sentence of forty years in this case for a 24 year old man with no prior incarceration shocks my conscience.
In reviewing the jurisprudence under first degree robbery, LSA-R.S. 14:64.1, I found four cases with sentences of three years, ten years, concurrent sentences of five and fifteen years, and twenty years. In State v. Hill, 475 So.2d 1123 (La.App. 4th Cir.), writ denied, 478 So.2d 904 (1985), where defendant was sentenced for three years, excessiveness of sentence was not raised as an issue on appeal. The three remaining cases did deal with the excessiveness of sentence. In State v. Johnson, 486 So.2d 853 (La.App. 1st Cir.1986), defendant was sentenced to twenty years, *251 and we found that this was not excessive. The trial court in sentencing defendant considered that he had robbed an elderly lady in a grocery store of $7000 and placed her in great fear; the trial court further considered that it was defendant's second felony offense and that the defendant was facing several other criminal charges. In State v. Gillen, 480 So.2d 1074 (La.App. 5th Cir.1985), defendant was charged with seven counts of armed robbery; pursuant to a plea bargain, he pled guilty to two counts of first degree robbery. The court sentenced him to five years and fifteen years to run concurrently. Factors considered were the seriousness of the crime, the belief that defendant needed to be punished, the benefit defendant received from the plea bargain, that defendant was a first offender, and the hardship to defendant's family from his imprisonment. In State v. Talbart, 478 So.2d 1334 (La.App. 5th Cir. 1985), where defendant was sentenced to ten years, the only factor discussed was that defendant had an outstanding warrant for probation revocation in another jurisdiction.
In this case, the defendant was a 24 year old who had been sentenced to ten years each (sentences to run concurrently) pursuant to two charges of armed robbery in Terrebonne Parish. These robberies were committed during the same 2-3 week period as the Lafourche Parish robberies. He was originally charged with three counts of armed robbery which were reduced to one count of first degree robbery. While not an excuse, the defendant was taking drugs at the time of his criminal activity. He expressed remorse for his offenses at his PSI interview. These factors are most similar to those present in the Johnson and Gillen cases where defendants received sentences of 20 years and 15 years.
In checking sentences under armed robbery, a more serious offense, I found that those defendants sentenced from 25-50 years were all repeat offenders who could not be reformed by a custodial environment. Since Chaisson has never been incarcerated before, he should not be treated as a repeat offender and given the maximum sentence. Based on the circumstances of this case, I think the maximum sentence should be 20 years.
For the above and foregoing reasons I respectfully dissent.
NOTES
[1] The record discloses that, on September 25, 1985, the District Attorney, in open court, orally moved to amend the bill of information to first degree robbery. Though the reverse side of the bill was physically amended to strike the typed language "ARMED ROBBERY," and the longhand language "First Degree Robbery" substituted therefor, the face of the bill was not physically amended. The face of the bill, therefore, clearly charges defendant with armed robbery of Betty Fisher allegedly occurring on May 26, 1985.

We observe that "First Degree Robbery" is a responsive verdict to a charge of "Armed Robbery." See C.Cr.P. Art. 814, subd. A(22). Additionally, article 558 of the C.Cr.P. clearly provides that the defendant, with consent of the district attorney, may plead guilty of a lesser offense that is included in the offense charged. Such is the case here. See discussion in State v. Cook, 372 So.2d 1202 (La.1979).
Here, defendant was obviously aware of the amendment and clearly pled guilty to the reduced charge after an extensive Boykin Examination. Defendant does not allege, nor does the record reflect, prejudice resulting from failure to amend the face of the bill. We find this error inconsequential in light of the proceedings as a whole.