KNOLL, Judge.
In a plea bargain, the defendant, Stafford Jefferson, agreed to a 21 year sentence for the reduced charge of manslaugh *871 ter. He now appeals his sentence as excessive.
Defendant was originally indicted for second-degree murder, a violation of LSA-R.S. 14:30.1, for the killing of Bruce W. Bradford on October 2, 1986, by inflicting multiple stab wounds with a butcher knife. Pursuant to a plea bargain, defendant entered a plea to the reduced charge of manslaughter, a violation of LSA-R.S. 14:31, on January 15, 1987, with the understanding that the sentencing court would impose the maximum sentence of 21 years. Defendant did not condition his plea under State v. Crosby, 338 So.2d 584 (La.1976), to later attack his sentence as excessive. The sentencing court imposed 21 years; the time remaining for a prior burglary conviction for which defendant had been paroled, was to run concurrent with the 21 years. The court did not give any reasons for sentence.
In addition to excessiveness, defendant contends the sentencing court failed to follow the sentencing guidelines in LSA-C.Cr. P. Art. 894.1, therefore, the court did not consider any mitigating circumstances. Further, defendant argues that he had no choice but to agree to 21 years since second-degree murder carries a life sentence, without benefit of parole, probation, or suspension of sentence. These arguments are meritless. The nature of a plea bargain is to benefit the defendant often by reducing the number of years he will have to serve. The defendant was greatly benefited by this plea bargain; he reduced his exposure from a life sentence for a bargained sentence of 21 years. The discrepancy in the two sentences does not take away from the voluntariness of his plea. Defendant entered his plea to the reduced charge of manslaughter, with the full understanding that he would receive the maximum sentence of 21 years. It is now well established that where a specific sentence has been agreed upon as a consequence of a plea bargain, that sentence cannot be appealed as excessive and there is no need for the trial judge to give reasons for the sentence as required by LSA-C.Cr.P. Art. 894.-1. State v. Bell, 412 So.2d 1335 (La.1982); State v. Cummings, 500 So.2d 856 (La.App. 1st Cir.1986).
DECREE
For the foregoing reasons, defendant’s sentence is affirmed.
AFFIRMED.