572 So.2d 276 (1990)
STATE of Louisiana
v.
Paul LAWRENCE.
No. KA 90 0112.
Court of Appeal of Louisiana, First Circuit.
November 14, 1990.
*277 William R. Campbell, Jr., New Orleans, David J. Knight, Asst. Dist. Atty., Covington, for the State.
James H. Looney, Office of Indigent Defender, Covington, for defendant.
Before EDWARDS, WATKINS and LeBLANC, JJ.
LeBLANC, Judge.
The defendant, Paul Lawrence, a/k/a Paul A. Yim, was charged by bill of information with two counts of unauthorized entry of an inhabited dwelling, a violation of LSA-R.S. 14:62.3. He pled not guilty and, after trial by jury, was found guilty as charged as to Count 2. As to Count 1, the defendant was found guilty of attempted unauthorized entry of an inhabited dwelling, in violation of LSA-R.S. 14:27 and 62.3. Subsequently, the defendant was adjudicated a second felony habitual offender. The defendant received a single sentence of three years at hard labor. Thereafter, realizing that only one sentence had been imposed for the instant convictions, the trial court vacated the original sentence, and imposed two concurrent sentences of three years at hard labor for these offenses. The defendant has appealed, alleging two assignments of error, as follows:[1]
1. The evidence was insufficient to support the instant convictions.
2. The trial court erred in imposing excessive sentences.
At approximately 3:00 p.m. on February 21, 1989, Mississippi Highway Patrolman Darryl Deschamp was on routine patrol on Interstate 10 in Hancock County, Mississippi, when he decided to make a traffic stop of a 1986 Chrysler with Virginia license plates which was occupied by two black males. It was later determined that the vehicle was being driven by Anthony Spencer and the defendant was riding in the front passenger seat. When the two vehicles came to a stop, Deschamp used his loudspeaker to order the driver (Spencer) to step out. When Spencer refused to do so, Deschamp exited his vehicle and approached the Chrysler, whereupon Spencer sped off at a high rate of speed. Deschamp gave chase while maintaining radio contact with his dispatcher. A long, high-speed chase began, during which Spencer and Deschamp exceeded speeds of one hundred twenty miles per hour. When Spencer entered St. Tammany Parish, Louisiana State Police and St. Tammany Parish Sheriff's *278 Deputies joined in the chase. Spencer exited Interstate 10 and took Interstate 59 northbound. Shortly thereafter, Spencer lost control; and the Chrysler came to rest in a field beside Interstate 59 between Slidell and Pearl River. Spencer and the defendant fled on foot, jumped a fence, and disappeared into a wooded area.
Shortly thereafter, two black males were spotted in Ravenwood Subdivision at Pearl River, Louisiana. While babysitting at her brother's house on Charwood Drive in Ravenwood Subdivision, Beth Cape observed two black males walking toward the back of the house across the street (104 Charwood Drive). She notified a neighbor who called the police. Shortly thereafter, Spencer and the defendant were apprehended on a back porch of Dennis Brumfield's residence, located at 104 Charwood Drive. A neighbor, August Panks, who owned the residence located at 102 Charwood Drive, noticed that a ceiling panel in the workshop behind his house had been knocked down, as if someone had been in the attic. Upon further investigation, he found a jacket, hat, and pair of gloves, which were subsequently identified by Spencer as belonging to him.

ASSIGNMENT OF ERROR NUMBER ONE:
In this assignment of error, the defendant contends that the evidence was insufficient to support the instant convictions. Initially, we note that, in order to challenge these convictions on the basis of insufficiency of the evidence, the defendant should have proceeded by way of a motion for post-verdict judgment of acquittal. See La.C.Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error. See State v. Tate, 506 So.2d 546, 551 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987).
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See La.C.Cr.P. art. 821. The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in Article 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides that the factfinder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988).
LSA-R.S. 14:62.3 A provides:
Unauthorized entry of an inhabited dwelling is the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person.
At the trial, Mr. Brumfield testified that he did not give the defendant, or anyone else, permission to enter the enclosed back porch of his residence located at 104 Charwood Drive. There is no doubt that both the defendant and Mr. Spencer were found hiding within his back porch. Therefore, an "unauthorized entry" was proven beyond a reasonable doubt. With respect to this offense, the only serious issue presented is whether or not this back porch was, within the meaning of LSA-R.S. 14:62.3, an "inhabited dwelling or other structure ... used in whole or in part as a home or place of abode by a person."
We find the testimony and pictures introduced at trial to be dispositive of this issue. Two doors, one on either side of the fireplace, connected the back porch with the rest of the residence, Mr. Brumfield testified that the back porch was a part of his home and that his family spent a lot of time there. He also testified that the screen door to the porch was generally locked. Mr. Brumfield did not know if it had been locked on the particular day in question. However, a couple days after the incident in question, he discovered that the lock on the screen door was broken.
The three different pictures of this back porch, which were introduced in evidence *279 as State Exhibits 2-1 through 2-3, clearly demonstrate that this particular back porch was a part of the residence. The pictures show that the back porch was a fully enclosed screened porch. The porch was also underneath the main roof (as opposed to having a separate roof or a connected roof) of the residence and did not extend beyond the rear wall of the residence. Accordingly, we find that the evidence was sufficient to prove, beyond a reasonable doubt, that the defendant committed unauthorized entry of Mr. Brumfield's residence located at 104 Charwood Drive.
On the other hand, for the reasons which follow, we conclude that the evidence was not sufficient to prove, beyond a reasonable doubt, that the defendant committed attempted unauthorized entry of Mr. Panks' residence located at 102 Charwood Drive. There is no doubt that the defendant and Mr. Spencer were together in the Chrysler automobile, fled together after the Chrysler left the interstate, and were apprehended together while hiding on Mr. Brumfield's back porch. Additionally, Ms. Cape spotted two black males going behind Mr. Brumfield's residence. Although they were too far away for her to later identify, it seems reasonably certain that these two black males were Spencer and the defendant, who were apprehended on Mr. Brumfield's back porch shortly after Ms. Cape's neighbor called the police. Finally, some of Mr. Spencer's clothes were discovered in Mr. Panks' workshop attic. Taken together, all of these facts would imply that the defendant and Spencer were also together when an unauthorized entry into the workshop was made. Nevertheless, no direct evidence placed the defendant in the workshop, nor were his fingerprints or clothes found there. When viewed together, all of the evidence herein is not sufficient to convict the defendant of attempted unauthorized entry into an inhabited dwelling because a reasonable hypothesis of innocence has not been excluded, i.e., that the defendant simply did not enter the workshop and did not act as a principal during Mr. Spencer's entry therein. It is indeed possible that, for a short time, Spencer and the defendant separated and Spencer alone entered the workshop. While it might not seem likely that such a separation occurred, this scenario is not so unreasonable that it cannot be considered a reasonable hypothesis of innocence. Therefore, because we find that the overall evidence does not exclude a reasonable hypothesis of the defendant's innocence, the conviction and sentence for attempted unauthorized entry of Mr. Panks' residence located at 102 Charwood Drive is hereby reversed.[2]

ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, the defendant contends that the trial court erred in imposing excessive sentences. Having reversed the defendant's conviction and sentence for attempted unauthorized entry of an inhabited dwelling (Count 1), we consider the defendant's excessive sentence argument only as to the remaining conviction for unauthorized entry of an inhabited dwelling (Count 2). Likewise, our reversal of one of these two convictions precludes any consideration of the defendant's related argument that the imposition of enhanced sentences (pursuant to LSA-R.S. 15:529.1) for both offenses violated the so-called "one day, one conviction, rule" of State v. Sherer, 411 So.2d 1050, 1057 (La. 1982).
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Chaisson, 507 So.2d 248, 250 (La. App. 1st Cir.1987). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for *280 its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has great discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Garner, 532 So.2d 429, 434 (La.App. 1st Cir.1988).
Before imposing sentence, the trial court noted that it had reviewed the presentence investigation report, which indicated that the defendant had prior felony convictions from Virginia for credit card theft, forgery, and attempting to obtain by false pretenses. The defendant had received three suspended, consecutive sentences of two years imprisonment for each conviction and was on probation for the Virginia convictions when he committed the instant offense. The trial court also noted the defendant's age and his ineligibility for a suspended sentence and probation. The trial court found that the defendant was likely to commit further offenses and concluded that he was in need of correctional treatment. Finally, the trial court stated that any lesser sentence would deprecate the seriousness of the offense. We find that the trial court adequately complied with the Article 894.1 guidelines.
For his conviction of unauthorized entry of an inhabited dwelling and subsequent adjudication as a second felony habitual offender, the defendant was exposed to a minimum sentence of two years, a maximum sentence of twelve years at hard labor, and a fine of $1,000.00. See LSA-R.S. 14:62.3 B; LSA-R.S. 15:529.1 A(1).[3] The defendant received a sentence of three years at hard labor, but no fine was imposed. Considering the circumstances of this offense, the defendant's habitual offender status, and the reasons for sentencing given by the trial court, we conclude that the instant sentence is not excessive.
This assignment of error is meritless. For the above reasons, the conviction and sentence for the offense of unauthorized entry of an inhabited dwelling are affirmed. The conviction and sentence for the offense of attempted unauthorized entry of an inhabited dwelling are reversed.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] Additionally, in his brief to this Court, although not an assignment of error, the defendant has made a request for patent error review. This Court routinely reviews the record for errors patent, whether or not such a request is made by a defendant. Under La.C.Cr.P. art. 920(2), we are limited in our patent error review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. Our review of the record reveals only one patent error. The original bill of information charged the defendant with two counts of simple burglary of an inhabited dwelling. Subsequently, the prosecutor amended the bill of information to charge two counts of unauthorized entry of an inhabited dwelling. However, the court minutes do not indicate that the defendant was rearraigned after these amendments to the bill of information. Nevertheless, the defendant does not allege, nor do we find, any prejudice. In any event, failure to rearraign the defendant was waived, since the defendant did not object before trial. La.C.Cr.P. art. 555; State v. Delatte, 504 So.2d 1067, 1068 n. 1 (La.App. 1st Cir.1987). After a careful review of the record in these proceedings, we have found no reversible patent errors.
[2] Accordingly, we do not decide herein whether or not Mr. Panks' workshop was, within the meaning of LSA-R.S. 14:62.3, an "inhabited dwelling or other structure ... used in whole or in part as a home or place of abode by a person."
[3] LSA-R.S. 15:529.1 A(1) was amended by section 1 of Act 482 of 1989.