691 So.2d 370 (1997)
STATE of Louisiana, Appellee,
v.
Alexander G. JOHNSON, Appellant.
No. 29269-KA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1997.
*371 Indigent Defender Office by Richard E. Hiller, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Donald E. Hathaway, Jr., Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before HIGHTOWER, STEWART and PEATROSS, JJ.
PEATROSS, Judge.
A jury convicted the defendant, Alexander Johnson, of unauthorized entry of an inhabited dwelling in violation of LSA-R.S. 14:62.3 and the trial court sentenced the defendant to three and one-half years imprisonment. The defendant appeals his conviction and sentence. For the following reasons we affirm the conviction and sentence.

FACTS
On June 16, 1995, Essie Johnson spent the evening with her daughter, Mary Bradford. Upon returning to Ms. Johnson's home at 536 March Street in Shreveport, Louisiana, Ms. Bradford and Ms. Johnson searched the house as was their custom. Ms. Johnson found her son, the defendant, hiding in a bedroom closet. Ms. Bradford and Ms. *372 Johnson called the police the next morning and the defendant was arrested and charged with unauthorized entry of an inhabited dwelling.
Ms. Johnson testified that she believed the defendant entered the house through a bedroom window. She also stated that she had told the defendant many times that he was not to enter her house. Ms. Bradford testified that she had told the defendant "a million and one times" not to enter Ms. Johnson's house.
The defendant testified that Willie Bradford, Mary Bradford's son, who was living with Ms. Johnson at the time of the incident, had given him permission to enter the house. The defendant claimed that he was waiting inside the house for Willie Bradford when he heard Ms. Bradford and Ms. Johnson return. He said that he hid in the closet because he did not want Willie Bradford to get "in trouble" for allowing him into the house. The defendant admitted to pleading guilty to forgery of a check belonging to his mother and to felony theft for stealing all the property out of his mother's residence.
Willie Bradford testified that he had driven his uncle, the defendant, to the store that night but that he had not let the defendant in the Johnson house. Ms. Bradford testified that Willie Bradford lives with Ms. Johnson to keep the defendant from harassing Ms. Johnson.
A six-person jury unanimously found the defendant guilty as charged. The trial court sentenced the defendant to three and one-half years imprisonment at hard labor. After the trial court denied defendant's motion to reconsider sentence, he appealed his conviction and sentence.

Discussion
In addition to the assignments of error addressed below, the defendant made an assignment of error which was not briefed regarding the admission of other crimes evidence. An assignment of error not briefed is deemed abandoned. URCA Rule 2-12.4. We discuss below the remaining assignments of error.

Assignment of Error Number 3: The verdict was contrary to the weight of the evidence.
In his third assignment of error, the defendant alleges that the verdict was contrary to the "weight" of the evidence and argues, in support of this assignment, that the evidence is insufficient. A distinction exists between legally insufficient evidence and weight of the evidence. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). The question is one of weight where there exists conflicting testimony regarding a factual matter, the resolution of which requires a determination of the credibility of the witnesses. State v. Allen, 26,547 (La.App. 2d Cir. 12/7/94), 647 So.2d 428. To assess credibility or reweigh the evidence is not the function of the appellate court. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Williams, 448 So.2d 753 (La.App. 2d Cir. 1984). An appellate court will not second-guess the credibility determinations of the trier of fact beyond an evaluation of the sufficiency of the evidence. State v. Williams, supra.
As to any issue of insufficiency of the evidence, we note that the proper method to raise the issue of insufficient evidence is by motion for post-verdict judgment of acquittal pursuant to La.C.Cr.P. art. 821. Although the defendant urges the insufficiency of the evidence in his arguments supporting his third assignment of error, the record does not indicate defendant made a motion for post-verdict judgment of acquittal.
Moreover, we find the evidence sufficiently supports defendant's conviction of unauthorized entry of an inhabited dwelling. Defendant argues that sufficient evidence was presented to allow one to reasonably conclude that he had permission to be in his mother's house. He asserts that Mr. Bradford had allowed him in the house. The defendant further argues that the testimony established that he was allowed in the house on several occasions to get something to eat or to take a bath. Defendant's arguments have no merit.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable *373 to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (La.1992). The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La. App. 2d Cir.1988).
This court's authority to review questions of fact does not extend to credibility determinations made by the trier of fact. La. Const., art. 5, § 5(C); State v. Jasper, 28,187 (La.App. 2d Cir. 6/26/96), 677 So.2d 553. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Mitchell, 26,070 (La.App. 2d Cir. 6/22/94), 639 So.2d 391, writ denied, 94-1981 (La. 12/16/94), 648 So.2d 387.
In order to obtain a conviction of unauthorized entry of an inhabited dwelling, the state must prove beyond a reasonable doubt that the defendant intentionally entered an inhabited dwelling without authorization. LSA-R.S. 14:62.3. In the present case, the defendant admitted entering his mother's house. The issue in question was whether the defendant had authority to enter the home.
Ms. Johnson and Ms. Bradford testified that the defendant did not have permission to be in Ms. Johnson's home. Although the defendant testified to the contrary, Mr. Bradford testified that he did not give the defendant permission to enter the house. As stated above, this court's authority to review questions of fact does not extend to credibility determinations made by the trier of fact. State v. Jasper, supra. The testimony of Mr. Bradford, along with that of Ms. Johnson and Ms. Bradford, if believed by the trier of fact, proves beyond a reasonable doubt that the defendant did not have authorization to enter his mother's home.
This assignment of error is without merit.

Assignment of Error Number Two: The trial court erred in denying the defendant's motion to reconsider sentence in that the sentence imposed is excessive.
A conviction of unauthorized entry of an inhabited dwelling carries a maximum sentence of six years with or without hard labor or a fine of not more than one thousand dollars, or both. LSA-R.S. 14:62.3. After reviewing a pre-sentence investigation report, the trial court sentenced the defendant to three and one-half years imprisonment at hard labor. Although this sentence was imposed after the repeal of the sentencing guidelines, the trial court stated that it considered the guidelines and was departing downward from the recommended minimum sentence.
The defendant filed a motion to reconsider sentence alleging that the sentence imposed, "while shorter than suggested by the sentencing guidelines, is still excessive in light of the mental anguish and upset suffered by the defendant while waiting through numerous delays in obtaining his pre-sentence investigation report." He also argued that the evidence presented at trial tended to exculpate him in that he had a reasonable belief that his entry into the home was authorized and that his substance abuse problem hindered his ability to function in society. The trial court denied defendant's motion to reconsider sentence.[1]
*374 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Gene, 587 So.2d 18, 24 (La.App. 2d Cir.1991), writ denied, 604 So.2d 993 (La. 1992).
The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Gene, supra.
At sentencing, the trial court stated that it considered the defendant's "particular circumstances" in imposing a sentence below the sentencing guidelines recommendation. The trial court considered the defendant's admitted addiction to cocaine and recommended him for the Blue Water program. The trial court also considered the fact that the defendant's last conviction was in 1988, the defendant's age, 39, and his work history. As an aggravating factor, the trial court considered that the defendant has two prior felony convictions. The trial court adequately particularized this sentence to the defendant and the offense committed.
On appeal, the defendant contends that the trial court should have given more consideration to the unusual circumstances of this case; that is, that the victim was the defendant's mother, and that no one was hurt and nothing was taken. The defendant also asserts that the fact that he had been allowed to enter the house in the past to get something to eat or to bathe mitigates this offense. The trial court did consider the particular circumstances of this case in imposing a sentence less than the minimum recommended sentence under the repealed sentencing guidelines. The fact that the defendant had been allowed into his mother's home under limited conditions in the past did not give him the authority to enter his mother's home in her absence.
The next step in determining the excessiveness of a sentence is to determine whether the sentence is constitutionally excessive considering the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Gene, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Thompson 25,583 (La.App. 2d Cir. 1/19/94), 631 So.2d 555. The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Thompson, supra.
The defendant is a third felony offender having previously committed offenses involving fraud and felony theft against his own mother. The district attorney could have elected to adjudicate the defendant a third felony offender for which he would have been exposed to a maximum sentence of 12 years. LSA-R.S. 15:529.1(A)(1)(b). The sentence of three and one-half years at hard labor does not shock the sense of justice and is not excessive for this defendant. See State v. Lawrence, 572 So.2d 276 (La.App. 1st Cir. 1990), in which the defendant, who had been adjudicated a second felony offender, was sentenced to three years at hard labor for unauthorized entry of an inhabited dwelling.
*375 This assignment of error is without merit.
We have reviewed the record for errors patent and found none.

CONCLUSION
The defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] In his written denial of the motion to reconsider sentence, the trial judge initially notes that the defendant's sentence was "three and one-half years"; subsequently, however, the trial judge states that the "two year sentence imposed" falls well below the maximum sentence suggested by the sentencing guidelines. (Emphasis added) As stated above, the trial court actually imposed a three and one-half year sentence. This court notes the discrepancy in the trial judge's written denial of the motion to reconsider sentence; however, for purposes of this opinion, we considered the actual sentence of three and one-half years in determining whether the sentence is excessive.