|1WOODARD, Judge.
Steve Fredieu (Fredieu), the defendant, was convicted by a six person jury of attempted unauthorized entry of an inhabited dwelling in violation of La.R.S. 14:27 and La.R.S. 14:62.3. He has appealed his conviction and sentence to this court. After our review of the evidence and the law, we reverse Fredieu’s conviction and order that the charge be dismissed.
FACTS
The testimony of a single witness for the prosecution constituted the evidence against Fredieu in this trial. Ms. Theresa Dubois was that witness.
On June 27, 1996, around 11:30 p.m., Fre-dieu went to the home of Dubois. She heard a vehicle drive up to her home, thought it *1175 might be her son, Huey, whom she was expecting, and heard the person come through the, apparently, open back door into the utility room. The utility room was a small wooden structure attached to the kitchen of the house. It had a window and door. It was customarily used by family, and even strangers, as the entranceway to the house, although the record is silent as to whether it was the primary one. The door in the utility room stands open during the daytime and is usually, though not always, locked at night. However, there was no evidence |¿m the record that it was locked on the night in question, and Ms. Dubois could not remember. From the utility room, there is a back door to the kitchen and into the home. Those wishing to enter usually pass through the utility area and knock on the kitchen door. This, Fredieu also did.
When he knocked, Ms. Dubois got out of bed and walked to the back door. She yelled, “Huey, is that you?” Fredieu replied, “No, it’s me, Steve.” Ms. Dubois recognized Fredieu’s voice. She testified that she had known him all her life, that they were probably related since they had been born and reared in the same community, and that she considered him to be a friend. She asked him what he wanted. He responded that he wanted to talk about his ease. The evidence in the record established that Ms. Dubois worked at the District Attorney’s office, but exactly what she did there was not explained. She told him to come to the office during working hours and not to come to her home at night; “You need to get in your truck and leave.” Without a question or hesitation, he did so. As he left, Ms. Dubois looked out the window and confirmed that it was in fact Fredieu.
He was charged with one count of unauthorized entry of an inhabited dwelling in violation of La.R.S. 14:62.3(A). The trial was held on November 12, 1996. In its opening statement, the state alleged that Fredieu’s entry into the utility room constituted the offense. In his opening statement and closing argument, Fredieu’s counsel argued to the jury that the defendant had no intent to commit the offense charged.
On the evidence described above, the jury returned a verdict of guilty to the lesser included offense of attempted unauthorized entry of an inhabited dwelling in violation of La.R.S. 14:62.3(A) and La.R.S. 14:27. On January 8, 1997, Fredieu was sentenced to serve three years at hard labor for the offense for which he was convicted. His Motion to Reconsider Sentence, which was timely filed on February 6, 1997, was denied on March 6, 1997. The trial judge recommended' that he receive treatment at Blue Waters for drug rehabilitation, and, after completion of such program, the trial judge stated that he “would strongly consider discarding Defendant’s sentence and releasing him.” Fredieu appeals his conviction and sentence.
13ASSIGNMENTS OF ERROR
The defendant claims the following assignments of error:
1. The evidence was insufficient to support the verdict of guilty of attempted unauthorized entry of an inhabited dwelling.
2. The sentence imposed is excessive.
3. He was entitled to a continuance of the trial from the afternoon of November 12, 1996 until the morning of November 13, 1996, in order to secure the appearance of witnesses critical to his defense.
4. He was entitled to a mistrial when the state elicited testimony referring to highly prejudicial ■ other crimes, wrongs, or acts of the defendant as to which evidence was not admissible.
5. He was entitled to a mistrial when a witness responding in narrative fashion gave highly prejudicial testimony not relevant to any issue in this case.
6. He was prejudiced by the remarks of the state in its rebuttal argument, referring to matters not in evidence that influenced the verdict of the jury.
LAW
Of the six alleged assignments of error in this appeal, Fredieu abandoned assignments *1176 three through six. Thus, we will not address those.
Errors Patent
In accordance with La.Code Crim.P. art. 920, all appeals are reviewable for errors patent on the face of the record. There was one error patent in this record, but in view of our decision reversing the conviction, it is unnecessary to address it.
Sufficiency of the Evidence
Fredieu contends in his first assignment of error that the evidence at trial was insufficient to support the verdict of attempted unauthorized entry of an inhabited dwelling. In order to obtain Fredieu’s conviction of this offense, the state was required to prove, beyond a reasonable doubt, the following:
First, La.R.S. 14:62.3:
14A. Unauthorized entry of an inhabited dwelling is the intentional entry by a person without adthorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person.
Second, La.R.S. 14:27:
A. Any person who, having a specific intent to commit a crime, does or omits an ■ act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
Specific intent is defined as “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La.R.S. 14:10. Further, when the only evidence is circumstantial “every reasonable hypothesis of innocence” must be excluded for a conviction to stand. La.R.S. 15:438; State v. Lawrence, 572 So.2d 276 (La.App. 2 Cir.1990); State v. Starr, 28,934 (La.App. 2 Cir. 12/11/96); 685 So.2d 424; State v. Quatrevingt, 93-1644 (La.2/28/96); 670 So.2d 197. Finally, the standard of review used in testing the sufficiency of the evidence supporting a verdict is whether a rational trier of fact could have found Fredieu guilty, viewing the evidence in the light most favorable to the prosecution. La.C.Cr.P. art. 821; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560(1979).
Incorporating the circumstantial evidence rule, La.R.S. 15:438, with the Jackson standard, we find that a rational trier of fact could not have found Fredieu guilty, since there was another reasonable hypothesis for his actions which was not excluded beyond a reasonable doubt.. It was that Fredieu simply did not enter the utility room for the purpose of making an unauthorized entry into the “victim’s” house. In fact, the evidence points in the opposite direction in view of his knocking on the kitchen door, which is the universally recognized polite way to gain a person’s attention in order to seek permission to enter their dwelling, and his telling Ms. Dubois that the reason he was there was to discuss his ease. Further, a paramount determinate of his lack of criminal intent is that when refused permission to enter, he complied and left immediately.
_jjjOf considerable significance to our decision is the fact that the jury did not find Fredieu guilty of unauthorized entry into the utility room, but found him guilty of attempted unauthorized entry into an inhabited dwelling. The .jury obviously concluded that Fredieu intended to enter the kitchen of the home without authorization, not the utility room, despite the fact that no evidence was presented of his intent to enter or attempt to enter further than the utility room without authorization, nor could it be inferred to the exclusion of every reasonable hypothesis. Additionally, in view of the evidence that family, and even strangers, were apparently commonly invited to use the utility room as an entranceway to the home, authorization to use it in this fashion can be inferred.
Absent proof, beyond a reasonable doubt, of specific intent to commit a crime, the jury’s decision is obviously not grounded in law and will not be allowed to stand.
Excessive Sentence
As we are reversing this conviction, it is unnecessary to address this assignment of error.
*1177 CONCLUSION
Fredieu’s conviction for attempted’ unauthorized entry of an inhabited dwelling, in violation of La.R.S. 14:27 and La.R.S. 14:62.3, is reversed for the state’s failure to exclude, beyond a reasonable doubt, every reasonable hypothesis of innocence that Fredieu specifically intended to enter the home of Ms. Dubois without authorization. The charges are dismissed.
REVERSED.